IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JONATHAN THOMAS,  )
    Petitioner,  )
                                 )
        v.  )  2: 11-cv-270
                                 )
SUPERINTENDENT ROZUM et al.,  )
    Respondents.  )

MEMORANDUM and ORDER

Mitchell, M.J.:

      Jonathan Thomas, by his counsel, has presented a petition for a writ of habeas corpus. For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

      Thomas is presently serving a life sentence without the possibility of parole imposed following his conviction, upon a plea of guilty, to second degree murder and robbery at No. CP-63-CR-0001619-1995 in the Court of Common Pleas of Washington County, Pennsylvania. This sentence was imposed on March 3, 1997.[1]

      An appeal was taken to the Superior Court in which the questions raised were:

I.    Whether counsel was ineffective for advising appellant that because he was bound to receive an all white jury to be tried by that he did not stand a chance at trial and should therefore plead guilty in order to avoid the death penalty?

II.    Whether appellant was deprived of the assistance of counsel when his attorney was not present at the examination for competency?

III.    Whether appellant's plea of guilty was entered involuntarily when appellant was motivated to plead guilty based upon the threat that his statements given during the competency examination would be introduced against him at trial where the statements made in the examination were made without Miranda warnings and opportunity of consultation with his attorney?[2]

---

[1]  See: Petition at ¶¶ 1-5.
[2]  See: Trial record following p.44, notice of appeal.

1

On April 16, 1998, the Superior Court affirmed the judgment of sentence.[3] Leave to appeal to the Pennsylvania Supreme Court was denied on November 9, 1998.

On November 4, 1999 a post-conviction petition was filed. Ten years then passed until an amended post-conviction petition was filed on February 20, 2009.[4] Relief was denied on May 27, 2009,[5] and an appeal was taken to the Superior Court in which the issues presented were:

1. Did the PCRA court err by dismissing the instant petition without an evidentiary hearing?

2. Did the trial court lack jurisdiction over appellant due to amendments to the 1874 Pennsylvania Constitution and the Pennsylvania Constitution's lack of a Savings Clause?[6]

On June 8, 2010, the denial of post-conviction relief was affirmed[7] and leave to appeal was denied by the Pennsylvania Supreme Court on October 15, 2010.[8]

The petitioner now comes before this Court and in a petition filed by counsel on February 17, 2011 contends he is entitled to relief on the following grounds:

1. The Trial Court lacked subject-matter jurisdiction and personal jurisdiction to prosecute, convict and incarcerate Petitioner due to systemic constitutional violations of the Pennsylvania criminal justice system all of which are violative of the United States Constitution.

2. Newly-discovered evidence demonstrates that Petitioner was induced to enter guilty pleas premised upon false statements and/or prosecutorial misconduct.

The background to this prosecution is set forth in the April 16, 1998 Memorandum of the Superior Court wherein it is noted:

> On December 11, 1994 at approximately 12:53 a.m. police officers from Peters Township, Washington County, responded to a report of a holdup alarm and shooting at the A-Plus Mini Market in McMurray. An eyewitness reported that a lone gunman carrying a shotgun entered the store, approached the counter, pointed the shotgun at the store's clerk, Phap Nguyen, and demanded money. After obtaining two hundred and eighty-three ($283.00) dollars from the clerk, while leaving the store, the gunman stopped and lifted the shotgun again pointing at Mr. Nguyen. He hesitated, lowered the weapon, but raised it again. When he lifted the shotgun pointing at Mr. Nguyen for a third time, he fired the weapon

---

[3] See: Exhibit 1 to the answer.
[4] See: Petition at ¶¶ 10-12.
[5] See: Petition at ¶ 13
[6] See: Petitioner's brief to the Superior Court at No. 1108 WDA 2009.
[7] See: Exhibit A to the petition and Exhibit 4 to the answer.
[8] See: Exhibit B to the petition.

hitting Mr. Nguyen in the shoulder. Mr. Nguyen was later transported to a
hospital where he was treated for his wounds and died. An autopsy determined the
manner of death as homicide due to the shotgun wound.

Another eyewitness in a car outside of the A-Plus Mini Market at the time of the
robbery was able to give a detailed description of the get away car. He reported
that he almost collided with the getaway car as it sped out of the parking lot. He
followed the car and saw several occupants inside. He had his wife write down a
partial license plate number of A_X6325 which eventually lead police and FBI
agents to the appellant Jonathan Thomas…

[T]he Commonwealth produced a six-page document in which a Peters Township
police officer and an FBI agent reduced to writing Mr. Thomas' oral statement to
them detailing his involvement in the robbery and killing... Investigators also
discovered a surveillance tape of the robbery and clothes of Mr. Thomas that
matched the gunman seen on the surveillance tape. Finally, there was physical
evidence as well as laboratory evidence that confirmed the Commonwealth's
case…

Mr. Thomas agreed to plead to murder in the second degree and robbery to avoid
the death penalty.[9]

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody
pursuant to the judgment of a State court shall not be granted unless it appears
that the applicant has exhausted the remedies available in the courts of the State,
or that there is either an absence of available State corrective process or the
existence of circumstances rendering such process ineffective to protect the rights
of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

---

[9] See: Exhibit 1 to the answer at pp.2-4.

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.
> We must thus decide whether the state supreme court's "adjudication of the claim ... resulted in a decision that was *contrary to*, or involved *an unreasonable application* of, clearly established Federal law, as determined by the Supreme Court of the United States...
>
> A state court adjudication is "contrary to" Supreme Court precedent if it results from the application of "a rule that contradicts the governing law set forth" by the Supreme Court or is inconsistent with Supreme Court decision in a case involving "materially indistinguishable" facts ... "A state court decision fails the 'unreasonable application' prong only 'if the court identifies the correct governing rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular case or if the state court either unreasonably extends a legal principle from the Supreme court's precedent to a new context where it should not apply or unreasonably refuses to extend the principle to a new context where it should apply...(citations omitted).

It would appear that the issues which the petitioner seeks to raise here concerning the newly discovered evidence and the lack of jurisdiction by the state courts have been raised in the appellate courts of the Commonwealth and have therefore been exhausted.

4

However, where a habeas petitioner seeks to challenge his conviction after entering a guilty plea to the charges, the only basis for federal relief is that the plea was not knowingly, voluntary and intelligently entered with the assistance of competent counsel, <u>Bradshaw v. Stumpf</u>, 545 U.S. 175 (2005) or that the court which convicted him lacked jurisdiction to proceed with the prosecution, <u>Danforth v. Minnesota</u>, 552 U.S. 264 (2008).

The record of the plea hearing held on March 3, 1997[10] demonstrates that at the time of entering the plea, the petitioner was twenty years old, had graduated from high school and was able to read, write and understand the English language (TT. 3/3/97 pp.9-10); that with the assistance of counsel he had completed a written plea colloquy (TT. 3/3/97 pp. 9-10); that he fully understood his rights as explained by the court and counsel (TT. 3/3/97 pp. 11-28); that he understood the penalty which would be imposed (TT. 3/3/97 pp. 17,23); that he was satisfied with the representation that counsel had provided (TT.3/3/97 p.20) and that he was voluntarily entering the plea and that no threats or promises had been made to induce his plea (TT. 3/3/97 pp. 21,28). The court then found that the plea was voluntarily entered with the assistance of competent counsel and imposed the mandatory life sentence (TT. 3/3/97 p.31).

The basis for the petitioner's argument here is that in part his decision to enter a guilty plea was prompted by the proposed testimony of an eyewitness who subsequently submitted an affidavit, Exhibit C to the petition, in which he represented that his proposed testimony was coerced by the district attorney who was himself subsequently investigated for prosecutorial misconduct.

Because there is nothing in the record to support a claim that Thomas' plea was not knowingly and voluntarily entered with the assistance of competent counsel this allegation is without merit and provides no basis for relief here.

Additionally, we note that the petitioner argues that the courts of Pennsylvania are without jurisdiction to hear criminal cases. In what appears to be a highly imaginative attempt at creative legal practice, the petitioner alleges that:

---

[10] The transcript of the plea hearing commences at p.45 of the state court records. Page references are to those pages in the transcript.

The amendments and modifications to the Pennsylvania Constitution completed subsequent to 1776 were invalid, thus rendering the 1968 Pennsylvania Constitution unconstitutional.

The Commonwealth of Pennsylvania has no power to enact a Criminal Code or Criminal Statutes pursuant to constitutional principles.

A lack of a Pennsylvania savings clause bars Petitioner's prosecution.[11]

In addressing this issue, the Superior Court wrote in its June 8, 2010 Memorandum:

Thomas appears to claim that when the Pennsylvania Constitution was amended via the Constitutional Convention of 1967-1968 the prior Constitution and laws enacted pursuant to the Constitution were repealed or made void. There is no authority for this claim. The Crimes Code was not vacated as a result of the Constitutional Convention so it is of no matter that there was no savings clause.

Or, as the trial court noted with the subsequent approval of the Superior Court:

The 1968 Constitution did not require a savings schedule because of the manner in which it was adopted and ratified. The 1968 Constitution amended the 1874 Constitution via a limited Constitutional Convention. **See Constitutional Convention of 1967-1968; Constitutional Proposals Adopted by the Convention.** Therefore, the 1874 Constitution nor the criminal laws passed under it were suspended by the 1968 Constitution, rather the 1874 Constitution was merely significantly amended. None of those amendments resulted in the Crimes Code being repealed. Additionally, the Crimes Code has been amended by the legislature since 1968 and has continually included the crime of murder, including felony murder. Specifically, in 1974, the General Assembly amended the Crimes Code in regards to the felony murder rule, establishing second degree murder as felony murder. Prior to 1974 first degree murder encompassed the felony murder rule. **See, Meyers v. Gillis,** 142 F.3d 664, at footnote 3 (3d Cir.1998). No Court in Pennsylvania has held that the Crimes Code section for felony murder is invalid because of a lack of a "Savings Schedule" in the Pennsylvania Constitution. Taking the Defendant's position to its logical conclusion would result in no trial court within this Commonwealth having jurisdiction over criminal matter.[12]

As a matter of state law, this claim does not provide a basis for habeas corpus relief. Waddington v. Sarausad, 129 S.Ct. 823, 825 n.5 (2009).

Because there is no showing here that the petitioner's conviction was secured in a manner inconsistent with federal law as determined by the Supreme Court of the United

---

[11] See: Petition at p.5.
[12] See: State Court Records at 82 pp.13-14.

States, he is not entitled to relief here. Accordingly, the petition of Jonathan Thomas for a writ of habeas corpus will be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

      An appropriate Order will be entered.

ORDER

AND NOW, this 17th day of May, 2011, for the reasons set forth in the foregoing Memorandum, the petition of Jonathan Thomas for a writ of habeas corpus is DISMISSED, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is DENIED.

                                              s/ Robert C. Mitchell
                                              United States Magistrate Judge